# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JEFF ROEDER and CHRISTOPHER GRILL, | |
| Plaintiffs, | No. 14-CV-4091-LTS |
| vs. | **ORDER DENYING DEFENDANT'S MOTION TO SEVER** |
| DIRECTV, LLC, *et al.*, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the Court is a resisted motion to sever (Doc. 65)[1] by defendant.[2] Defendant requests oral argument on the motion. The Court granted plaintiffs' leave to file an untimely resistance to the motion. (Doc. 100). Plaintiffs filed a resistance. (Doc. 78-1). Defendant filed an overlength reply (Doc. 103) with the Court's permission. (Doc. 102). The issues are fully briefed and the Court finds oral argument unnecessary. For the reasons that follow, the Court denies the motion to sever.

---

[1] Defendant's motion is a motion to sever, not a motion to bifurcate. *See Daniels v. City of Sioux City*, 294 F.R.D. 509, 511 (N.D. Iowa Sept. 13, 2013) ("[B]ifurcation may be used to resolve one liability claim that will aid the resolution of other liability claims") (citations omitted); *see also Dindinger v. Allsteel, Inc.*, 3:11-cv-00126-SMR-CFB, 2015 WL 11181335, at *2 (S.D. Iowa July 17, 2015) (same). 7 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1689 (3d ed. 2016) ("Once a claim has been severed, however, it proceeds as a discrete unit with its own final judgment, from which an appeal may be taken."). Defendant wants a wholly separate trial for each plaintiff.

[2] DIRECTV, Inc. and DIRECTV, LLC, merged into a single entity. The surviving entity is DIRECTV, LLC ("DIRECTV"). Therefore, the Court refers to a singular defendant.

1

## II. BACKGROUND

For a comprehensive factual summary of the case, see the Memorandum Opinion and Order on Cross-Motions for Summary Judgment (Doc. 108) issued by the Honorable United States District Court Judge Leonard T. Strand. Plaintiffs filed their complaint in this court on October 20, 2014. (Doc. 2). Plaintiffs allege that DIRECTV was their employer and that DIRECTV violated the applicable overtime requirements of the Fair Labor Standards Act of 1938 (FLSA).

### Facts

Plaintiffs were independent contractor technicians who installed and serviced DIRECTV's satellite television. Plaintiffs visited customers' homes to install, upgrade, or otherwise upkeep DIRECTV's satellite television. Both plaintiffs are Iowa residents. There is an overlap of plaintiffs' dates of employment as alleged employees of DIRECTV. Plaintiffs do not know each other. Both plaintiffs were classified as 1099 contractors (referring to the W-2 and 1099 tax forms). Both plaintiffs used SIEBEL, which is defendant's online scheduling and management system. All technicians were required to wear the approved DIRECTV shirt and cap while servicing customers. All technicians received uniform training materials from DIRECTV. All technicians had to abide by DIRECTV's installation guidelines. DIRECTV paid its contractor companies according to a rate matrix. Plaintiffs were paid by their respective contractor/subcontractor companies by the job (not by the hour). DIRECTV could issue a chargeback to the contractor companies if the work performed by the technician was unsatisfactory. It was at the discretion of the contractor/subcontractor companies how to pay for the chargebacks; the companies could take the amount out of the specific technician's paycheck or find an alternative way to pay.

2

The Court notes the following factual differences between plaintiffs. In regard to plaintiff Roeder, he alleges under FLSA he was a DIRECTV employee from July 7, 2010, to May 31, 2012. He worked for (1) Wireless Technologies from June 2009 to June 2010 (includes a 12-week hiatus) in Sioux Falls, South Dakota and (2) White Communications from October 2010 to March 2011, and then again September 2011 to May 2012 (includes up to 30 days off for beaver trapping) in Sioux City, Iowa. Both White Communications and Wireless Technologies had a direct contractual relationship with DIRECTV (called contractors). Overall, plaintiff Roeder completed approximately 800 DIRECTV installations[3] and was paid about $1,200 per week (approximately $20 per hour). In regard to plaintiff Grill, he alleges under FLSA he was a DIRECTV employee from April 14, 2011 to August 26, 2011. He worked for U.S. Citadel, LLC. U.S. Citadel was a subcontractor for HD Expert (HD Experts was a contractor for DIRECTV). Plaintiff Grill completed hundreds of work orders for defendant[4] and was paid about $18.18 per hour. In regard to plaintiffs' overtime claim, plaintiff Roeder alleges working an average of 55 to 60 hours per week, and plaintiff Grill alleges working an average of 60 hours per week but testified to an average of 55 hours.

As contractors, Wireless Technologies, White Communications, HD Experts signed basically identical "Service Provider Agreements" with DIRECTV.[5] Subcontractors were required to comply with the Service Provider Agreements as well.

---

[3] Throughout this entire period, plaintiff Roeder's work was reported under DIRECTV's field service site in Sioux Falls, South Dakota (managed by Chet Jones).

[4] Throughout this entire period, plaintiff Grill's work was reported under DIRECTV's field service site in Cedar Rapids, Iowa (managed by Kevin Jackson).

[5] The only differences between the "Services Provider Agreement[s]" are the various attachments at the end of the contracts (*see* Docs. 66-1, 66-2, 69) and the signing dates.

Regarding the status of the case, discovery is completed. Defendant's motions for summary judgment and plaintiffs' motion for partial summary judgment were recently denied by the court. This case is scheduled for a jury trial beginning on June 5, 2017.

## Prior Litigation History

Defendant states that "[f]or many years, Plaintiffs' counsel has sought to consolidate similar claims against DIRECTV, and the courts have routinely held that these claims cannot be tried together." (Doc. 65-1, at 2). In the context of hundreds of potential plaintiffs—absent here—courts have decided that these lawsuits would be logistical nightmares for single judges to handle. Plaintiffs previously opted into a conditionally certified FLSA action in the Eastern District of Louisiana, until that court decertified the class and dismissed opt-in plaintiffs' claims without prejudice. (Doc. 2, at 12 (citing *Lang v. DIRECTV, et al.*, 10-cv-1085-NJB (E.D. La.))). Thereafter, plaintiffs timely filed an action in the Central District of California, where the court granted defendants' motion to sever, which dropped approximately 277 plaintiffs without prejudice so those could file claims closer to home. (Doc. 2, at 13 (citing *Antonio Acfalle et al., v. DirecTV, Inc. et al.*, 13-cv-8108-ABC (C.D. Cali. July 22, 2014))). The court in *Acfalle* found that severing all non-Californian plaintiffs from the total of 358 plaintiffs would promote judicial economy and convenience for the parties and non-party witnesses. (*See generally* Doc. 65-2). Plaintiffs then timely filed suit in this district. (Doc. 2).

Upon plaintiffs' unresisted motion (Doc. 15), this district stayed the case pending the decision of the Judicial Panel on Multidistrict Litigation regarding plaintiffs' application for consolidation (of 11 actions and 29 tag-along actions) and transfer to a multi-district litigation docket. (Doc 16). The Judicial Panel denied centralization due to the inconvenience likely suffered by parties and witnesses and the overall likely inefficiency. The Judicial Panel explained that the motion practice on the individual

4

claims of nearly 500 plaintiffs, from 30 states, from 45 cases, regarding whether an individual is an independent contractor/employee could "overwhelm a single judge." (Doc. 51, at 2). The Judicial Panel further reasoned that its decision will "keep the actions pending in the state where plaintiffs worked and where, presumably, relevant witnesses and documents may be found." *Id*. The Judicial Panel concluded that "[a]ll actions do involve questions of fact as to the classification of DIRECTV service and installation technicians as independent contractors, as well as questions about whether DIRECTV and the provider network defendants are joint employers of the plaintiffs under the FLSA and the propriety of the allegedly uniform piece-rate pay system under which plaintiffs were paid." (Doc. 17-1, at 2).

### III. DISCUSSION

Defendant raises two arguments in support of its motion to sever: (1) plaintiffs were improperly joined under Rule 20(a)(1) as plaintiffs' claims do not arise out of the same transaction/occurrence and there is no common question of law or fact; and (2) plaintiffs' claims must be severed to avoid jury confusion and prejudice to defendant.

#### A. *Misjoinder of plaintiffs*

Rule 20(a) governs the permissive joinder of plaintiffs. It reads:

**(a) Persons Who May Join or Be Joined.**
(1) Plaintiffs. Persons may join in one action as plaintiffs if:
   (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; ***and***
   (B) any question of law or fact common to all plaintiffs will arise in the action.

FED. R. CIV. P. 20(a) (emphasis added). Rule 21 reads: "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time,

5

on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. Generally, the rule governing permissive joinder of parties is meant to be used liberally. *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974) ("The purpose of [Rule 20] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. Single trials generally tend to lessen the delay, expense and inconvenience to all concerned.") (citation omitted); *see also id.* at 1333 ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.") (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

Despite this liberal policy towards joinder, courts must consider if joinder would promote fairness. Even in the absence of misjoinder, a court may sever the plaintiffs or defendants if "fairness" so mandates. *See Mosley,* 497 F.2d at 1332 ("Rule 20(b) and Rule 42(b) vest in the district court the discretion to order separate trials or make such other orders as will prevent delay and prejudice.").

Rule 20(a) contains a conjunctive two-prong test. Under the first prong, courts must employ a "case by case approach" to determine whether a specific factual situation constitutes a single transaction or occurrence or a series. *Mosley*, 497 F.2d at 1333 (citing Rule 23(a)'s commonality requirement as an analogy and describing a transaction or occurrence under Rule 20 as "all logically related events entitling a person to institute a legal action against another.") (internal quotation marks and citation omitted). Also, "transaction" is a word with a flexible meaning. *Id.* Here plaintiffs allege that DIRECTV had a company-wide practice of using independent contractors (versus employees) to install and service its satellite television in the homes of DIRECTV customers to save costs, when in reality these technicians were treated as employees and subject to extensive top-down oversight and control by DIRECTV. Also, plaintiffs allege that DIRECTV

6

subjected these technicians to a company-wide practice of an improper piece-rate pay system. The Court finds that such a company-wide practice constitutes a "transaction" for Rule 20(a). *Mosley*, 497 F.2d at 1333 (in the context of racial discrimination, the court held that a company-wide policy discriminating against a race "similarly arises out of the same series of transactions and occurrences."). Also, plaintiffs' alleged employment occurred at overlapping times. This temporal factor supports a finding of a 'single transaction' that plaintiffs' claims arise from, namely DIRECTV's company-wide policy towards its independent contractor technicians as it existed across the nation at a given time.

Under the second prong for permissive joinder of plaintiffs, plaintiffs must share a common question of law or fact. *See Mosley*, 497 F.2d at 1334 ("The rule does not require that all questions of law and fact raised by the dispute be common."). There will be an overlap of evidence regarding both law and fact in this case as many questions posed to the jury will be mixed questions of law and fact. For example, if the jury finds plaintiffs are DIRECTV employees under the FLSA, then defendant will argue that plaintiffs are exempt from overtime under the 7(i) exemption. *See* 29 U.S.C. § 207(i) and Doc. 108, at 54-55. This exemption requires application of a three-prong test. This application is a mixed question of law and fact. (Doc. 108, at 55 (citing *Grage v. N. States Power Co.-Minnesota*, 813 F.3d 1051, 1054 (8th Cir. 2015))). The first prong is whether the employer (DIRECTV) is a retail or service establishment. *Id*. The analysis under the first prong will be identical to each plaintiff, as this prong will depend on facts individual to defendant. Also, in the initial determination of whether plaintiffs are DIRECTV employees under FLSA, the jury will need to apply the six-factor *Silk* test, which is again a mixed question of law and fact. (Doc. 108, at 19-21 (citing *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015))). In this legal framework, the Court already spots two prongs whose analysis depends in-part on defendant's

7

individualized facts (*e.g.*, degree of control exercised by the alleged employee and the degree to which the worker's opportunity for profit and loss is determined by the alleged employer). This weighs in favor of a joint trial. While facts pertaining to plaintiffs and their individual contractors/subcontractors will also be relevant, so too will facts be relevant that pertain solely to the defendant, such as DIRECTV's SIEBEL system, DIRECTV's standards imposed on all technicians, DIRECTV's requirements for wearing apparel with logos, DIRECTV's Service Provider Agreements, and DIRECTV's price-rate pay system with chargebacks. Therefore, the Court concludes that permissive joinder of plaintiffs is proper under Rule 20(a).[6]

Other federal courts in litigating similar, namely independent contractor technicians bringing FLSA claims against DIRECTV, have found joinder proper. *See Dowd v. Directv, LLC*, 14-cv-14018, 2016 WL 28866 (E.D. Mich. Jan. 4, 2016) (unreported) (permissive joinder of defendants under Rule 20(b) was proper and motion to sever was denied); *Demarco v. DIRECTV, LLC*, 14-cv-4623-PGS, 2015 WL 6525900 (D. N.J. Oct. 28, 2015) (unreported) (same).

B. *Prejudice to defendant and jury confusion*

Alternatively, defendant argues that even if there is permissive joinder, the Court should grant severance due to the prejudice defendant will suffer and the jury confusion that will result as a byproduct of a joint trial. The Court acknowledges that it has liberal powers to sever an action to avoid prejudice and for the convenience of judicial economy under Rule 20(b) and Rule 21, and under Rule 42.

Defendant is worried that in a joint trial it may suffer prejudice due to jurors—at plaintiffs counsel's insistence—insinuating factual inferences from one plaintiff to the

---

[6] As the Court finds permissive joinder under Rule 20(a), the Court considers plaintiffs' footnote 3 in their resistance moot and will not address it. (Doc. 78-1, at 5).

other plaintiff.  The Court sees defendant's fear of prejudice as a valid concern.  But defendant's counsel will have the opportunity to address this issue with the jury during voir dire, opening statement, and closing argument.  Moreover, at defendant's request, the Court may craft jury instructions to emphasize that jurors must treat each plaintiff's claim separately to ensure defendant a "just" trial.  FED. R. CIV. P. 1.  Plaintiffs inform the Court, in their resistance, that they support the giving of a jury instruction that each plaintiff's claim is separate and that it does not follow that if one plaintiff wins so must the other.  (Doc. 78-1, at 15) (citing Model Jury Instructions from the Seventh and Eighth Circuits to that effect that each party is entitled to have its case decided using only the evidence that applies to that party).  Also, defendant believes that it will be unable to present "individualized defenses as to each Plaintiff."  (Doc. 65-1, at 2).  On balance, therefore, the Court finds defendant's legitimate concern can be adequately addressed.

In regard to jury confusion, defendant argues that it will be "impossible for a jury to keep straight which facts apply to which Plaintiff."  (Doc. 65-1, at 2).  Defendant also argues that jurors will be confused and overwhelmed by the numerous multi-prong tests that they will have to apply for each plaintiff.  The Court finds, however, that jurors are routinely entrusted with important and complex tasks.  Here, there are just two plaintiffs (not dozens or hundreds).  *See Mosley*, 497 F.2d at 1334 (in the context of employment discrimination, the Eighth Circuit Court of Appeals found that the lower court improperly severed the case involving 10 plaintiffs employed in two divisions of General Motors as "[t]he differences in ultimately adjudicating damages to the various plaintiffs are not so overwhelming as to require such severance.").  Unlike in *Mosley*, here plaintiffs' employment relationship with DIRECTV must be established before the issue of damages can even be tackled.  However, unlike in *Mosley*, where jurors had to juggle the individualized facts of ten plaintiffs, here jurors will only need to address the individualized facts of two plaintiffs.  The Court is confident that jurors with the proper

9

guidance and clear presentations by counsel will be able to fairly and efficiently serve as factfinders in a joint trial.

Defendant cites cases where motions to sever were granted. *See Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp.2d 258, 266 (D. Conn. Apr. 10, 2012) (granting severance of 39 non-Californian plaintiffs where among other factors, the court found that "the sheer number of parties presenting individualized evidence [such as of plaintiffs' daily activities]" would confuse a jury); *Tanner v. Entergy Ark.*, 4:08-cv-00099-BSM, 2009 WL 1605843, at *3 (E.D. Ark. June 8, 2009) (in context of Title VII race discrimination, the court refused to hold three mini-trials as one); *Bedwell v. Amdocs, Inc.*, 13-cv-5565-SI, 2014 WL 3670550 (N.D. Cali. July 24, 2014) (granted severance of three plaintiffs where plaintiffs had different titles, different supervisors, worked in different environments; the court, however offered little to no rationale for its decision). Overall, the Court is unpersuaded by these cases.

Recently, in the same context of independent-contractor-technicians bringing suit against DIRECTV, two other federal courts have denied motions to sever. First, the federal court in the District of New Jersey denied defendant's motion to sever. *See Demarco v. DIRECTV, LLC*, 14-cv-4623-PGS, 2015 WL 6525900 (D. N.J. Oct. 28, 2015) (unreported). There 11 plaintiffs (prior *Lang* plaintiffs and part of same motion to centralize in MDL No. 2594) assert both FLSA claims and New Jersey state law claims against DIRECTV and two Home Service Providers (HSP). One of the HSP defendants moved to sever the HSP defendants from the suit. The court held that defendants were properly joined under Rule 20(a)(2), but at such an early stage of litigation (no Rule 16 conference yet) "prejudice to either party is still speculative." 2015 WL 6525900, at *8. The court did note that "while proving whether or not the Plaintiffs actually performed uncompensated work, and if so, how much, would require a host of different witnesses, the questions of law would require similar enough witnesses for the Court to keep the

10

case joined." *Id.* Second, in the United States District Court for the Eastern District of Michigan, the court denied defendant's motion to sever. *See Dowd v. Directv, LLC*, 14-cv-14018, 2016 WL 28866 (E.D. Mich. Jan. 4, 2016) (unreported). In *Dowd*, 18 plaintiffs sue DIRECTV and two HSPs. One of the HSPs moved to sever the HSP defendants into separate trials. The court found joinder proper under Rule 20(b). The movant argued that even if joinder was permissive, the cases should be severed because the jury will have difficulty in keeping the facts straight, and judicial economy will be better served. In denying this motion, the court in *Dowd*, stated:

> There is no need, however, to sever these lawsuits. Almost all facts that are unique to individual plaintiffs or defendants are confined to the calculation of damages; these issues likely can be refined during discovery without undue risk of confusing the factfinder's separate decision on the merits. Moreover, Defendant's argument regarding judicial economy is conclusory and, therefore, baseless. If anything, judicial economy would be served by maintaining joinder.

2016 WL 28866, at *10.

Lastly, the Court notes that discovery in this case is complete. Plaintiffs say there will be more common evidence they present at trial than uncommon evidence. Although defendant is worried by this statement and alleges that it showcases how plaintiffs will try to group plaintiffs together, the Court is persuaded that this illustrates the commonality of facts regarding defendant's structure, SIEBEL system, Services Provider Agreements, and plaintiffs' same job duties, which are the foundation of this lawsuit. The Court notes that plaintiffs have reaped the benefit of sharing counsel including access to common discovery, and that pursuing this action jointly may save costs for plaintiffs and offer other benefits throughout this litigation. Regarding the logistics of a joint trial, both plaintiffs live in Iowa and worked in Iowa (or in close geographic proximity to Iowa;

11

Sioux Falls, South Dakota[7] is approximately 13 miles from the Iowa border). Therefore, the trial location of Sioux City, Iowa, will be convenient for the parties and non-party witnesses (*e.g.*, Iowa supervisors, Sioux Falls supervisors, *etc.*). Also, any relevant documents pertinent to the lawsuit should be readily accessible in Iowa.

On a final note, the Court highlights that it may at any point, on its own, decide to sever the action under Rule 42 should it later find that judicial economy or fairness requires such action.

## IV. CONCLUSION

For the reasons stated above, the Court **denies** defendant's motion to sever (Doc. 65).

**IT IS SO ORDERED** this 1st day of February, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa

---

[7] Sioux Falls, South Dakota is approximately 87 miles from Sioux City, Iowa.