# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| JEFF ROEDER and CHRISTOPHER GRILL, | )<br>)<br>) Case No. 14cv4091-MWB-LTS |
| Plaintiffs, | ) |
| vs. | ) |
| DIRECTV, INC. and DIRECTV, LLC, | ) |
| Defendants. | ) |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiffs, Jeff Roeder and Christopher Grill, and Defendants, DIRECTV, INC., and DIRECTV, LLC ("DIRECTV"), hereby move the Court for entry of an order approving the Settlement Agreement, which was been filed separately under seal, and dismissing the case with prejudice.

## I. FLSA SETTLEMENTS REQUIRE COURT APPROVAL.

Courts have held that purely private settlements of FLSA claims are unenforceable. *See, e.g., Shackleford v. Cargill Meat Solutions*, 2013 WL 209052, *3 (W.D. Mo. Jan. 17, 2013); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982). Therefore, wage claims arising under the FLSA can be settled in one of two ways. First, 29 U.S.C. § 216(c) authorizes the Secretary of Labor to supervise payment of unpaid wages owed to employees. Second, in a private action under 29 U.S.C. § 216(b), a district court may approve a settlement reached as a result of contested litigation to resolve a bona fide dispute between the parties. *Id.* (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945)).

In a private action under § 216(b), a court must make two inquiries. First, the court must determine if the settlement was the product of "contested litigation." Second, the

court must inquire as to whether the settlement involves a fair and reasonable resolution of a bona fide dispute between the parties. To indicate fairness, Courts will generally rely on the adversarial nature of a litigated FLSA case that results in settlement. *Lynn's Food Stores*, 679 F.2d at 1354. If the proposed settlement reflects a reasonable compromise over contested issues, the court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id*.

> A. **The Proposed Settlement Is the Product of Contested Litigation.**

The instant case is the product of contested litigation. The case was filed nearly three years ago, in October 2014. *See* Doc. No. 1. The parties engaged in extensive discovery, and counsel for both parties are experienced in FLSA litigation. In fact, counsel for both parties are actively litigating several other similar matters around the country on collective and individual bases. Both law firms also have handled numerous other wage and hour matters on class, collective, and individual bases. The parties also have spent considerable time and energy analyzing the merits of the case, discussing various issues implicated in the case, litigating the parties' cross motions for summary judgment, and preparing extensive pre-trial filings and proposed jury instructions, which the parties were actively litigating at the time of the settlement.

> B. **The Proposed Settlement Reflects a Fair and Reasonable Resolution of a Bona Fide Dispute Between the Parties over FLSA Coverage.**

The second prong of the Court's settlement approval inquiry focuses on two issues. First, a bona fide dispute must be shown. Second, the Court must scrutinize the proposed settlement to ensure it is fair and reasonable.

> 1. **A Bona Fide Dispute Between the Parties Existed.**

Plaintiffs' contention was that DIRECTV violated the FLSA by failing to pay overtime

compensation for all hours worked. DIRECTV asserted several defenses and affirmative defenses, including that Plaintiffs were independent contractors, not employees; that DIRECTV was not Plaintiffs' employer or joint employer; that Plaintiffs' were exempt from overtime under the FLSA's retail exemption in § 7(i); that Plaintiffs had insufficient evidence that DIRECTV knew or should have known they were working overtime; and that Plaintiffs had insufficient evidence supporting their alleged overtime work. In its Order on the parties' cross motions for summary judgment (Doc. No. 108), the Court ruled that there were genuine issues of material fact that precluded summary judgment on most issues for either side.

The parties also disputed the proper way to calculate Plaintiffs' regular rate of pay for purposes of calculating overtime owed. Plaintiffs believed they could calculate their regular rate of pay by omitting alleged hours worked for which compensation was not paid (so-called non-productive time). *See* Doc. No. 123-3. DIRECTV believed Plaintiffs' regular rate should have been calculated by dividing all compensation received for the workweek by the total number of hours worked (regardless of whether any hours worked were productive or non-productive). *See* Doc. No. 123 at 8-12. Thus, the parties' damages calculations, even assuming liability on DIRECTV's part, differed significantly. The Court deferred ruling on the proper way to calculate the regular rate until the close of all evidence at trial. *See* Doc. No. 135 at ¶4.

### 2. The Proposed Settlement Is Fair and Reasonable.

The settlement agreement was reached after negotiations between the parties and is viewed as fair by both sides. Plaintiffs Roeder and Grill claim they worked 16 and 17 hours of overtime per week, respectively, during their engagements. *See* Doc. No. 123-3.

3

Although DIRECTV disputed that Plaintiffs worked any overtime or were entitled to recover anything, even accepting Plaintiffs' own valuation of their case, Plaintiff Roeder claimed unliquidated damages of $24,618.72, and Plaintiff Grill claimed unliquidated damages of $8,827.00. *See Id.*

DIRECTV's calculations of Plaintiffs' damages, assuming liability, were significantly lower and are set forth in DIRECTV's trial brief (Doc. No. 123). By DIRECTV's calculations, accepting as true Plaintiffs' estimate of their overtime hours worked, Plaintiff Roeder's unliquidated damages would have been $6,309.12. Plaintiff Grill's unliquidated damages would have been $2,352.56. Plaintiffs also contended their damages should be doubled as liquidated damages, which (by DIRECTV's calculations) could amount to a maximum total recovery of approximately $12,618.24 for Plaintiff Roeder and $4,705.12 for Plaintiff Grill. If Plaintiffs prevailed at trial, they would also be entitled to recover reasonable attorneys' fees.

Given the many disputes regarding liability, including whether the FLSA even applied in this case, as well as the disputes regarding the number of hours Plaintiffs worked and the proper way to calculate Plaintiffs' regular rate of pay, virtually any settlement that resulted in more than a nominal payment to Plaintiffs would be reasonable in this case.

As part of the Settlement Agreement, Plaintiffs are also executing a full release of all claims, and a portion of the settlement payment is apportioned to any and all other claims Plaintiffs may have against DIRECTV. Within 21 days of the date this Court issues its final approval of the Settlement, DIRECTV will deliver the settlement checks to Plaintiffs' counsel.

### 3. The Proposed Attorney Fee Award is Reasonable

These settlements also resolve the plaintiffs' claims for attorneys' fees and costs, foreclosing further litigation on this issue. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee.").

The FLSA provides that prevailing plaintiffs are entitled to reasonable attorney's fees and costs. 29 U.S.C. § 216(b). Fees awarded by fee-shifting statutes are governed by the lodestar method, which is reached by multiplying the hours expended by a reasonable hourly rate. *Kenny A. v. Perdue*, 130 S. Ct. 1662 (2010). Separate and apart from the payments to Plaintiffs, counsel will receive attorney's fees and reimbursement for costs and expenses spent prosecuting Plaintiffs' case in the amount set forth in Paragraph 2 of the Settlement Agreement filed under seal. The releases signed by each of the Plaintiffs clearly show the amounts being paid to the attorneys in this matter, and the Named Plaintiffs have agreed to these amounts.

Courts vary in the amount of scrutiny given to attorneys' fees in an individual FLSA settlement, where the client knowingly agrees to the apportionment. As the Court has observed, the parties vigorously contested this case. The time spent by Plaintiffs' counsel was necessary in light of the vigorous defense mounted by DIRECTV. The case involved substantial briefing, absent which the Plaintiffs may never have recovered. For instance, among other things, DIRECTV moved for an order of dismissal, as well as its own comprehensive motion for summary judgment. Plaintiffs, of course, responded to each of these motions and filed their own motions for summary judgment.

This work, and the other work observed by the Court, justifies the amount of time and effort counsel spent prosecuting this case. While the fees here exceed the amount in

settlement payments to the plaintiffs, it has been repeatedly recognized that "[c]ourts should not place an undue emphasis on the amount of the plaintiffs' recovery because an award of attorney fees in an FLSA case 'encourages the vindication of congressionally identified policies and rights.'" *Morales v. Farmland Foods, Inc.*, 2013 WL 1704722, at *5 (D. Neb. Apr. 18, 2013) (quoting *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994)). Courts have repeatedly rejected any proportionality principle, even where the defendant *opposes* the fee in a contested submission. *Id*. (collecting cases.) Here the parties, including DIRECTV, Plaintiffs' counsel, and Plaintiffs, have all agreed to the amount of the fees – making this an ideal settlement from the perspective of the United States Supreme Court. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee."). Given the reasonableness of the amount being paid to the Plaintiffs, the amount of work expended by counsel, the fee and expense request, there is no reason for the Court to disturb the parties' agreements.

**II.     CONCLUSION.**

For the foregoing reasons, the parties respectfully request that the Court approve the parties' Settlement Agreement and dismiss this case with prejudice.

Respectfully submitted,

/s/ George A. Hanson
George A. Hanson, *admitted pro hac vice*
STUEVE SIEGEL HANSON
MO Bar No. 43450
460 Nichols Road, Ste. 200
Kansas City, MO 64112
Telephone: 816-714-7100
Facsimile: 816-714-7101
Email: hanson@stuevesiegel.com

/s/ Todd C. Werts
Todd C. Werts, *admitted pro hac vice*
LEAR WERTS LLP
Bar No. 53288
2003 W. Broadway, Ste. 107
Columbia, MO 65203
Telephone: 573-875-1991
Facsimile: 573-875-1985
Email: werts@learwerts.com

RUSH & NICHOLSON, P.L.C.
Nathan Willems, AT0009260
101 Second Street SE, Ste. 100
P.O. Box 637
Cedar Rapids, IA     52406-0637
Telephone:    319-363-5209
Facsimile:     319-363-6664
Email:    nate@rushnicholson.com

ATTORNEYS FOR PLAINTIFFS

/s/Robert A. Sheffield
James J. Oh (*admitted pro hac vice*)
LITTLER MENDELSON, PC
321 North Clark Street, Suite 1000
Chicago, IL    60654
Telephone:    312-372-5520
Facsimile:    312-372-7880
joh@littler.com

Robert A. Sheffield, AT0013200
LITTLER MENDELSON, PC
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
Telephone: 816-627-4400
Facsimile: 816-627-4444
rsheffield@littler.com

ATTORNEYS FOR DIRECTV

Firmwide:148622082.1 059936.1036