# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JEFF ROEDER and CHRISTOPHER GRILL, <br><br> Plaintiffs, <br><br> vs. <br><br> DIRECTV, INC. and DIRECTV, LLC, <br><br> Defendants. | No. C14-4091-LTS <br><br> **ORDER APPROVING FLSA SETTLEMENT** |

_____

This case arises out of plaintiffs' claims against defendants for alleged unpaid wages. The parties have filed a joint motion (Doc. No. 142) to approve their settlement agreement. For the following reasons, the motion will be granted.

## *I.     BACKGROUND*

On October 20, 2014, plaintiffs Jeff Roeder and Christopher Grill filed this Fair Labor Standards Act (FLSA) action against defendants DIRECTV, INC., and DIRECTV, LLC (collectively, DIRECTV). Doc. No. 2. On January 2, 2015, DIRECTV filed a motion (Doc. No. 13) to dismiss for failure to state a claim. That motion was denied on September 22, 2015. Doc. No. 24. On August 19, 2016, DIRECTV filed motions (Doc. Nos. 59, 62) for summary judgment as to the claims asserted by both plaintiffs. Those motions were denied on January 13, 2017, and trial was set to begin June 5, 2017. Doc. No. 108.

On June 2, 2017, the parties advised the court that they had reached a settlement. As such, the trial of this matter was removed from the court's calendar. Doc. No. 139. On July 10, 2017, the parties filed their joint motion to approve settlement agreement (Doc. No. 142) and a copy of the sealed settlement agreement (Doc. No. 143).

## II. APPLICABLE STANDARDS

Private settlements of FLSA claims are unenforceable. *See, e.g., Shackleford v. Cargill Meat Solutions*, 2013 WL 209052, at *3 (W.D. Mo. Jan. 17, 2013); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982). Therefore, wage claims arising under the FLSA can be settled in one of two ways. First, 29 U.S.C. § 216(c) authorizes the Secretary of Labor to supervise payment of unpaid wages owed to employees. Second, in a private action under 29 U.S.C. § 216(b), a district court may approve a settlement reached as a result of contested litigation to resolve a bona fide dispute between the parties. *Id.* (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945)).

Under Section 216(b), a district court must make two inquiries. First, the court must determine if the settlement was the product of "contested litigation." Second, the court must inquire as to whether the settlement involves a fair and reasonable resolution of a bona fide dispute between the parties. To indicate fairness, courts generally rely on the adversarial nature of a litigated FLSA case that results in settlement. *Id.* at 1354. If the proposed settlement reflects a reasonable compromise over contested issues, the court may approve the settlement in order to promote the policy of encouraging the settlement of litigation. *Id.*

## III. DISCUSSION

### A. *The parties have shown that a bona fide wage and hour dispute exists.*

To demonstrate that a bona fide wage and hour dispute exists, the parties must provide the reviewing court with the following information:

> (1) a description of the nature of the dispute (for example, a disagreement over coverage, exemption or computation of hours worked or rate of pay; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages

2

owed, each party's estimate of the number of hours worked and the applicable wage.

*Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2012 WL 162403, at *3 (D. Kan. Jan. 19, 2012). Here, the parties have demonstrated that a bona fide dispute exists as to plaintiffs' claims that DIRECTV violated the FLSA by failing to pay overtime compensation for all hours worked. DIRECTV denied these claims and raised various defenses, including that the plaintiffs were independent contractors rather than employees. The parties also disputed the proper way to calculate plaintiffs' regular rate of pay for purposes of determining the amount of overtime pay owed. These disputes were detailed in the briefing on DIRECTV's motions for summary judgment and in the proposed jury instructions submitted in advance of trial. There is no doubt that a bona fide dispute exists between the parties.

### B. *The settlement is fair and equitable to all parties.*

To evaluate the fairness and equitableness of an FLSA settlement, the court considers the following factors:

> (1) at what stage of the litigation the settlement was reached, and the complexity, expense, and like duration of the remaining litigation; (2) how the settlement was negotiated, *i.e.*, whether there are any indicia of collusion; (3) class counsel, the parties, and the class members' opinions about the settlement; and (4) whether the present value of the settlement outweighs the potential recovery after continued litigation.

*McGee v. Concentra Health Servs., Inc.*, No. 12-CV-1277-W-DGK, 2015 WL 58532, at *3 (W.D. Mo. Jan. 5, 2015) (internal quotation marks omitted). Having reviewed the settlement terms, I find that these factors favor approving the settlement. The settlement was reached shortly before trial, after the completion of discovery, substantial motion practice and trial preparation. All parties have advised the court that they consider the settlement to be fair and reasonable in light of the nature of plaintiffs' claims,

DIRECTV's defenses and the uncertainty of the ultimate outcome if the case proceeded to trial and judgment. The settlement is fair and equitable to all parties.

C.  *The settlement provides for a reasonable award of attorney fees.*

The FLSA entitles a prevailing plaintiff to an award of fees and costs. Although the court has discretion in determining the amount of a reasonable fee, a fee award is mandatory. *Gambrell*, 2012 WL 162403, at *2. Because the settlement provides plaintiffs with some benefit, they are the prevailing party and their attorneys are entitled to a reasonable fee. In light of the amount of work expended by plaintiffs' counsel, I find that the attorney fee payment described in paragraph 2 of the settlement agreement is reasonable.

## IV.  CONCLUSION

For the reasons set forth herein, the parties' joint motion (Doc. No. 142) to approve settlement agreement is **granted**.

**IT IS SO ORDERED.**

**DATED** this 19th day of July, 2017.

_____
Leonard T. Strand, Chief Judge